UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81450-CV-ALTMAN
MAGISTRATE JUDGE REID

TARVIS WILSON,

    Plaintiff,

v.

MARK S. INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff's "Petition Under 28 U.S.C. § 1651(a) for Writ of Mandamus." [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Tarvis Wilson**, is a prisoner currently incarcerated in Santa Rosa Correctional Institution in Milton, Florida. Because Plaintiff is a prisoner and proceeding *in forma pauperis* [*See* ECF 8], his Petition must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

In the Petition, Plaintiff seeks for "the Court to issue a Writ of Mandamus" commanding the Defendants in this case "perform their ministerial duty" and

"overturn the fraudulent order(s) of April 10, 2015, April 23, 2019, and July 1, 2019." [ECF No. 1, p. 12]. Plaintiff's Petition should be dismissed, however, because the petition for common law writ of mandamus has been abolished, *see* Fed. R. Civ. P. 81(b), and the All Writs Act, 28 U.S.C. § 1651(a), may not be used to seek such relief against a state actor unless it is in aid of the Court's jurisdiction.

Although Fed. R. Civ. P. 81(b) abolished petitions for writs of mandamus, 28 U.S.C. § 1651 permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Section 1651(a) does not create jurisdiction, but instead empowers federal courts to issue writs in aid of jurisdiction previously acquired on some other ground. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004) (citing *Brittingham v. U.S. Comm'r of Internal Revenue*, 451 F.2d 315, 317 (5th Cir. 1971)).

"Federal mandamus is available only to 'compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) (quoting 28 U.S.C. § 1361). "Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." *Id*. (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

Accordingly, dismissal for lack of subject-matter jurisdiction is warranted if a plaintiff seeks from a federal court an order requiring a state court to perform a ministerial task as Plaintiff seeks here. *See Pridgeon v. Fla.*, Case No. 3:16-cv-473-J-34PDB, 2016 U.S. Dist. LEXIS 137043, at *16-17 (M.D. Fla. June 20, 2016) (collecting cases).

"It should be noted, however, that 'the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Klay*, 376 F.3d at 1100 (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). Thus, to the extent that Plaintiff seeks to challenge the constitutionality of his state court conviction or sentence, Plaintiff must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 or 2254. *See United States v. Denedo*, 556 U.S. 904, 911 (2009) (citing *United States v. Morgan*, 346 U.S. 502, 510-11 (1954)).[1]

Based on the above, it is **RECOMMENDED** that the Petition [ECF No. 1] be **DISMISSED** and this case be **CLOSED** by the Clerk of Court.

---

[1] The Undersigned notes, however, that even construing Plaintiff's Petition as one brought pursuant to 28 U.S.C. §§ 2241 or 2254, it should still be dismissed for lack of jurisdiction because under § 2241, the Court lacks habeas jurisdiction over Plaintiff since he is incarcerated outside this District, and under § 2254 it would be an unauthorized second or successive petition. *See* Rules Governing § 2254 Proceedings, R. 9; *see also Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1297-98 (11th Cir. 2004) (*en banc*) (citing *United States v. Winestock*, 340 F.3d 200, 207-09 (11th Cir. 2003)).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 12th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Tarvis Wilson**
B01216
Santa Rosa Correctional Institution
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583
*PRO SE*