UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81450-CIV-ALTMAN

TARVIS WILSON,

    *Petitioner*,
vs.

MARK S. INCH, *et al.*,

    *Respondent*.
_____/

# ORDER

**THIS MATTER** comes before the Court on the Writ of Mandamus filed by the Petitioner, Tarvis Wilson (the "Petition") [ECF No. 1]. On December 12, 2019, United States Magistrate Judge Lisette M. Reid issued a Report and Recommendation (the "Report") [ECF No. 9], in which she suggested that the Petition should be dismissed. *See generally* Report.

## PROCEDURAL HISTORY

The Petitioner filed his Petition on October 24, 2019. *See generally* Pet. This Court referred that Petition to United States Magistrate Judge Lisette M. Reid, who issued her Report on December 12, 2019. *See generally* Rep.

The Report also warned the Petitioner that "[o]bjections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge." *Id.* at 4. But the Petitioner did not file any objections. Instead, on December 27, 2019, the Petitioner filed a motion for extension of time within which to submit his objections. *See* Motion for Extension of Time [ECF No. 10]. The Court granted that motion on January 5, 2020, and extended the deadline to file

objections to January 15, 2020. *See* January 5, 2020 Order [ECF No. 11]. The Court did not receive the Petitioner's Objections to the Report until January 22, 2020. *See* Objections [ECF No. 9].

**THE LAW**

When a magistrate judge's "disposition" has been objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Normally, the Petitioner's Objections [ECF No. 13]—received one week *after* the expiration of the Court's extended deadline—would have been untimely. But, under the "prisoner mailbox rule," a *pro se* prisoner's filing is deemed "filed" as of the date "he delivered the [document] to prison authorities for forwarding to the District Court." *Houston v. Lack*, 487 U.S. 266, 270 (1988). And, from the face of the Objections, it appears that the Petitioner mailed his Objections (through prison officials) on January 12, 2020. *See* Objections at 1. Because the Petitioner handed his Objections to prison officials before the expiration of the Court's extended

deadline, the Court will deem those Objections timely filed and review them *de novo*.

## ANALYSIS

### I. The Report

The Petitioner—who is incarcerated in the Santa Rosa Correctional Institution in Milton, Florida—asks this Court to issue a Writ of Mandamus directing the state court to overturn three orders it entered in the Petitioner's state post-conviction proceedings. *See* Pet. at 1. But, as the Report correctly noted, federal courts "have no jurisdiction to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (citation omitted).[1] For this reason alone, the Petition must be dismissed for lack of subject matter jurisdiction.

### II. The Petitioner's Objections

The Petitioner filed four Objections to the Report—each directed at the Report's conclusion that he is not entitled to a writ of mandamus. All are unpersuasive and must be overruled.

#### A. The First Objection

The Petitioner first takes issue with the Report's conclusion that the common law writ of mandamus has been abolished because, he says, the Report "fail[s] to address . . . FLA R. CIV. PROC. 1.540(b)." Objections at 1–2. Later in this same Objection, the Petitioner cites 28 U.S.C. § 2106 as support for the proposition that judgments based on fraudulent orders must be set aside. *Id.* at 2. Both arguments are meritless.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

*First*, FLA. R. CIV. P. 1.540—like its federal analog, FED. R. CIV. P. 60—applies only to *civil* judgments entered in the same court in which the rule is invoked. Because the "judgment" the Petitioner seeks to set aside (here in federal court) is an Order Denying Rehearing (entered in his state post-conviction case), these rules simply do not apply to him.

*Second*, 28 U.S.C. § 2106 does nothing more than codify the federal appellate courts' authority to "affirm, modify, vacate, set aside or reverse any judgment . . . *lawfully brought before it for review*." By its own terms, then, § 2106 does not apply either to this Court or to judgments *un*-lawfully brought before the appellate courts.

### B. The Second Objection

The Petitioner next argues that FLA. R. CIV. PROC. 1.540(b) and 28 U.S.C. § 1651 combine to authorize a writ of mandamus under the facts of this case. Again, he is mistaken.

*First*, as discussed above, FLA. R. CIV. PROC. 1.540(b) does not apply in this context.

*Second*, the All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to issue only those writs that are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It does not, as the Petitioner suggests, authorize a federal court to overturn an administrative order entered in a criminal defendant's state post-conviction proceeding—*unless* doing so would be necessary to "protect the federal court's jurisdiction." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1110–111 (11th Cir. 2004). This may occur, for example, when the prosecution of a state-court action would require the state judge to adjudicate an issue that has already been settled under the terms of a federal settlement agreement. *See, e.g.*, *Keishian v. Buckley*, 752 F.2d 1513, 1515 (11th Cir. 1984).

But this case does not implicate any federal settlement agreement—nor, it goes without saying, did the state court's adjudication of the Petitioner's post-conviction proceedings

otherwise require this Court to protect its own jurisdiction. Thus, the Petitioner's passing citation to the All Writs Act does not salvage his Petition.

### C. The Third Objection

Third, the Petitioner contends that, by quoting the Petition's reference to "ministerial duty," the Report engaged in improper "blackberry picking." Objections at 3. The Court is not entirely clear on what this Objection means. Either way, this passing citation to the Petitioner's own submission was entirely unnecessary to the Report's ultimate conclusion that the Petitioner is not entitled to a writ of mandamus. Indeed, "federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties[—ministerial or not—]where mandamus is the only relief sought." *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971).

### D. The Fourth Objection

Lastly, the Petitioner objects to a footnote in the Report—in which Judge Reid determined that the Petition would fail even if it had been brought as a habeas petition—because "[t]his Court can re-title [the] Writ as [a §2241 petition] and forward [it] to the Pensacola Division with good faith." Objections at 4 (cleaned up). In this footnote, Judge Reid concluded that this Court would lack subject-matter jurisdiction over the Petition, even if it were stylized as a § 2241 habeas petition, because the Petitioner is *currently incarcerated* outside of the Southern District of Florida. *See* Report at 3 n.1.

But 28 U.S.C. § 2241 allows inmates to bring petitions in two places: "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Although the Petitioner is *incarcerated* in Milton, Florida (which is, admittedly, outside of this

District), he was *convicted* in the Fifteenth Judicial Circuit in and for Palm Beach County. *See generally* Petition Ex. 1 [ECF No. 1-1] at 194. And that court is indisputably *within* this District. This Court, in other words, would have subject-matter jurisdiction over the Petition if it had been brought under § 2241.

But the Petition would still fail in any case. To begin with, because the Petitioner is in custody pursuant to a state-court judgment, *see generally* Pet. Ex. 1, the requirements of 28 U.S.C. § 2254 would apply to his § 2241 petition. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("If the terms of § 2254 apply to a state habeas petitioner—i.e., if he is 'in custody pursuant to the judgment of a State court'—then we must apply its requirements to him."). And § 2254 relief is available only to inmates who allege that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, § 2254 does not extend to petitioners who allege defects only in their state *post-conviction* proceedings. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[A]n alleged defect in a collateral proceeding does not state a basis for habeas relief."); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases). This is because "a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—*i.e.,* the conviction itself—and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365.

The Petitioner, of course, does not challenge either his underlying conviction or the validity of his custody. Instead, his Petition complains only about the state court's decision to deny three motions he filed in his *post-conviction* proceeding—to which § 2254 simply does not apply. *See* Pet. at 1, 12; Pet. Ex. 1 at 65–68, 185. In short, even if the Petitioner had brought his claim under § 2241, he would "not state a basis for habeas relief." *Cf. Brown v. Inch*, No. 4:17-

CV-509-MW/MJF, 2019 WL 7598696, at *18 (N.D. Fla. Dec. 16, 2019), *report and recommendation adopted*, No. 4:17CV509-MW/MJF, 2020 WL 264973 (N.D. Fla. Jan. 16, 2020) (dismissing similar action).

\*\*\*

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Report [ECF No. 9] is **ACCEPTED and ADOPTED** as follows:

1. The Petition [ECF No. 1] is **DISMISSED.**

2. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record